IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO.: 2:23-cv-00758-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STEN MKII MACHINEGUN, | ) | |
| CALIBER: 9MM, | ) | |
| S/N: B0246975, | ) | |
| ASSET ID: 23-ATF-001976, | ) | |
| | ) | |
| Defendant *In Rem*. | ) | |

**UNITED STATES' COMPLAINT FOR FORFEITURE *IN REM***

The Plaintiff, United States of America, brings this complaint and alleges as follows, in accordance with Rule G(2), Fed. R. Civ. P.

**NATURE OF THE ACTION**

1. This is a civil action *in rem* brought pursuant to 26 U.S.C. § 5845; 26 U.S.C. § 5872; and 18 U.S.C § 924(d) to condemn to the use and benefit of the United States the Sten MKII Machinegun, Cal.: 9mm, SN#: B0246975, Asset ID: 23-ATF-001976, (hereinafter, the "Defendant Property") as a firearm involved in a violation of 26 U.S.C. § 5861 (unlawful possession of an NFA firearm not registered to the recipient or possessor) and 18 U.S.C. § 922(o) (unlawful possession of a machinegun).

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture by virtue of  28

U.S.C. § 1355. This Court has *in rem* jurisdiction over the Defendant Property pursuant to:

    (a)    28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in the District of South Carolina; and

    (b)    28 U.S.C. § 1355(b)(1)(B), because venue properly lies in this district pursuant to 28 U.S.C. § 1395.

3.    Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because acts or omissions giving rise to the forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395(b), because the Defendant Property is currently located in this district.

## THE DEFENDANT *IN REM*

4.    The Defendant Property consists of a Sten MKII Machinegun, Cal.: 9mm, SN#: B0246975, Asset ID: 23-ATF-001976, which the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") seized from a Federal Firearms Licensee ("FFL") in Walterboro, South Carolina, on November 2, 2022.

5.    The Defendant Property is in ATF's custody in the District of South Carolina and will remain so during the pendency of the civil action.

## KNOWN POTENTIAL CLAIMANTS

6.    The known individuals whose interests may be affected by this litigation are:

    a.    Joann Goodhope, may have an interest in the Defendant Property because she filed a claim with ATF on December 28, 2022, contesting administrative forfeiture of the Defendant Property.

**BASIS FOR FORFEITURE**

7.     Pursuant to the pleading requirements of Supplemental Rule G(2)(f), Plaintiff alleges that there is a factual basis to support a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Property is subject to forfeiture to the United States, based in part upon the following:

    a.     ATF Industry Operations Investigator Joshua Keeney, ("IOI Keeney") was contacted by Paul Carden, ("Carden"), who is employed by Goodfinds LLC, an FFL in Walterboro, South Carolina. IOI Keeney was advised by Carden that a local widow had located a Sten MKII Machinegun, Cal.: 9mm, SN#: B0246975 in her estate after her husband's passing. The widow was told it was a machinegun by family members, and the widow brought the firearm to Carden for abandonment. Carden told IOI Keeney that the widow wanted to be anonymous and did not have any information for her.

    b.     IOI Keeney searched the weapon in the National Firearms Registration and Transfer Record (NFRTR) with negative results, which indicated it was not a registered firearm.

    c.     After IOI Keeney's conversation with Carden, ATF Special Agent (S/A) Ante Brusich ("S/A Brusich) was assigned the case on October 31, 2022, for the retrieval of the firearm. S/A Brusich contacted Carden by phone and was advised of the same information provided to IOI Keeney. S/A Brusich and Carden agreed to meet at Goodfinds LLC in Walterboro for the retrieval.

    d.     On November 2, 2022, S/A Brusich met with Paul Carden at Goodfinds

LLC and examined the firearm. The firearm was identified as a STEN MKII sub-machinegun, Serial: B0246975. The weapon was field tested and appeared to function as a machinegun. S/A Brusich and ATF Special Agent Bobby Callahan, ("S/A Callahan") took possession of the Defendant Property for federal seizure.

  e. S/A Brusich and S/A Callahan were told by Carden that a Joann Goodhope had brought the Sten MKII machinegun to Goodfinds, LLC for abandonment.

  f. S/A Callahan and S/A Brusich called Joann Goodhope. S/A Callahan spoke with Goodhope who stated that her father-in-law, Andrew C. Goodhope had brought the STEN MKII sub-machinegun, Serial: B0246975 back into the United States after he served in WWII. After his death, the STEN MKII sub-machinegun, Serial: B0246975 passed to his son, Andrew Peter Goodhope. Joann Goodhope took possession of the STEN MKII sub-machinegun, Serial: B0246975 after her husband died in May of 2022.

  g. The Defendant Property is a fully automatic assault rifle, subject to registration under the National Firearms Act as a machinegun pursuant to 26 U.S.C. § § 5841 and 5845(b) and was possessed in this district in January of 2022 by Joann Goodhope to whom the Defendant Property was not registered, in violation of 26 U.S.C. § 5861(d) and 18 U.S.C. §922(o).

  h. The Defendant Property firearm had travelled in interstate or foreign commerce prior to July 3, 2015.

8. Based on the information and allegations set forth herein, there is a factual basis to support a reasonable belief that the Government will be able to meet its burden of proof at

trial to show that the Defendant Property is subject to forfeiture under the provisions of 26 U.S.C. § 5872 and 18 U.S.C. § 924(d).

## CONCLUSION

9.      By reason of these premises, and pursuant to 26 U.S.C. § 5872(a) and 18 U.S.C. § 924(d), whereby the Plaintiff's right, title and interest in and to the Defendant Property relates back to the commission of the act giving rise to the forfeiture, the Defendant Property has become and is forfeited to the United States of America, to be disposed of pursuant to law.

WHEREFORE, Plaintiff prays that due process issue to enforce the forfeiture of the Defendant Property, *in rem*; that a Warrant for the Arrest of the Defendant Property be issued; that due Notice be given to all interested persons to appear, make claim, answer and show cause why the forfeiture should not be decreed; that the Defendant Property be decreed condemned and forfeited to the United States of America for disposition according to law; and that Plaintiff have such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

[SIGNATURE PAGE TO FOLLOW]

                Respectfully submitted,

                ADAIR F. BOROUGHS
                UNITED STATES ATTORNEY

BY:    *s/Carrie Fisher Sherard*
           Carrie Fisher Sherard (Fed I.D.#10134)
           Assistant United States Attorney
           United States Attorney's Office
           55 Beattie Place, Suite 700
           Greenville, South Carolina 29601
           Telephone: (864) 282-2100